UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KELLI FIELDS,

                Plaintiff,

          - against -

NEW YORK CITY HEALTH AND
HOSPITAL CORPORATION,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-6042 (PKC)(CLP)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Kelli Fields filed this action on July 25, 2018, seeking reconsideration of the Court's July 20, 2018 Order granting Defendant New York City Health and Hospital Corporation's ("Defendant")[1] motion to dismiss. For the reasons stated herein, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

Plaintiff filed her complaint in this action on October 10, 2017, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. Sections 2000e *et. seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et. seq.*, as well as defamation of character.[2] On January 29, 2018, Defendant moved to dismiss the complaint in its entirety. (Dkt. 11.) Plaintiff filed her opposition on March 19, 2018 (Dkt. 14), and Defendant replied on April 5, 2018 (Dkt. 15). In her opposition,

---

[1] Defendants Kings County Hospital, Carol McCowan, Tricia Lynch, Frecmi Rosario, Hyancinth Dasilva, and Vincent Mulvihill have been terminated from the case. (*See* ECF Entry 5/18/2018.)

[2] The Court assumes the parties' familiarity with the facts of this case.

Plaintiff requested to file an amended complaint, which the Court granted. Plaintiff filed an amended complaint on May 18, 2018 (Dkt. 17), and Defendant supplemented its motion to dismiss on June 15, 2018 (Dkt. 18). The Court held oral argument on Defendant's motion to dismiss on July 17, 2018. The Court granted Defendant's motion to dismiss on July 20, 2018. (Dkt. 25.) Plaintiff sought reconsideration of the Court's Order on July 25, 2018 (Dkt. 29), Defendant responded on July 27, 2018 (Dkt. 31), and Plaintiff filed a reply on August 10, 2018 (Dkt. 34).

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, 16-CV-2375 (KAM)(LB), 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

## **DISCUSSION**

In her motion for reconsideration, Plaintiff stated that she "dropped the discrimination suit", but that she provided adequate documentation to support her wrongful termination,

2

harassment, and retaliation claims.[3] (Dkt. 29, at ECF 1.) For the reasons below, the Court finds that Plaintiff's reconsideration motion fails to meet the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e).

## I. Plaintiff Fails to State a Hostile Work Environment Claim

Plaintiff argues that the Court should reconsider its dismissal of her hostile work environment claim. Plaintiff's motion focuses on her attendance issues, reiterating that her supervisor Carol McCowan treated her unfairly and previously gave her permission to be absent from work. (Plaintiff's Motion for Reconsideration ("Pl's. Mot."), Dkt. 29, at ECF 2.) Plaintiff states, "My calls and emails went unanswered and I was unable to speak to any superior and it made a hostile work environment due to my not having an option to address the situation at that time and the verbal abuse continued." (*Id.*) Plaintiff claims that a voicemail from a previous co-worker, Jo Ann Crosson, shows that Plaintiff's supervisors and co-workers were harassing her.[4] Plaintiff stated, "I also have voicemail from my then co-worker JoAnn Crosson alerting me that she as well witnessed my harassment from Ms. Mc Cowan." (*Id.*) Plaintiff alleges that the hostile work environment eventually resulted in a "wrongful" termination. (*Id.*)

The Court again finds that Plaintiff has failed to meet the standard for a hostile work environment. Plaintiff does not show that she experienced any wrongful conduct beyond alleged comments made by her co-workers and the perceived unfairness of the hospital attendance policies. Plaintiff offers no new claim to show that her workplace was "permeated with discriminatory

---

[3] The Court notes that there is no discrete cause of action for "wrongful termination" under Title VII. Similarly, the Court liberally construes Plaintiff's harassment claim as a hostile work environment claim under Title VII.

[4] In an Order dated August 14, 2018, the Court informed Plaintiff that it would consider Plaintiff's corrected affidavit about the voicemail from JoAnn Crosson as relevant for purposes of considering her motion to dismiss. (8/14/18 ECF Entry.)

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 320-21 (2d Cir. 2015) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Here, Plaintiff merely alleges that she was unable to speak to her supervisors about the "verbal abuse" that she endured. (Pl's. Mot., at ECF 2.) Plaintiff's allegations that her supervisors and co-workers were spreading rumors about Plaintiff do not demonstrate that Plaintiff experienced a hostile work environment. *See Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 158 (E.D.N.Y. 2015) (finding plaintiff's conclusory allegations that she suffered "disrespectful treatment, retaliation and harassment" insufficient to plead hostile work environment claim). Similarly, Plaintiff's reference to Jo Ann Crosson's voicemail fails to show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult." The Court therefore finds that Plaintiff has failed to state a hostile work environment claim under Title VII.

Moreover, Plaintiff has advanced no new arguments that would compel the Court to reconsider its previous decision. Plaintiff has failed to demonstrate an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" with respect to the Court's dismissal of her hostile work environment claim. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Plaintiff also does not identify any critical facts that the Court overlooked in its prior order. The Court therefore finds Plaintiff's attempt to re-litigate her hostile work environment claim unavailing.

## II. Plaintiff Fails to State a Retaliation Claim

Plaintiff next argues that the Court incorrectly held that Plaintiff failed to state a claim for retaliation. Plaintiff stated, "I am asking the court to reconsider that the behavior displayed towards me that involved harassment and retaliation led to my wrongful termination." (Pl's. Mot.,

4

at ECF 2.) Plaintiff claims that Defendant fired her for attempting to complain to Human Resources and her supervisors, Ms. McCowan and Vincent Mulvihill, about the harassment and discrimination she endured in the workplace. Plaintiff stated, "Due to my attempting to protect my position by asking for assistance in regards of Ms. McCowan, Ms. Mc Cowan then sent Mr. Vincent Muvihill a list of issue[s] that never took place on my behalf in May 2017 as per Human Rights documents I received from KCHC." (*Id.* at 3.)

Plaintiff has failed to meet the standard for retaliation under Title VII. To establish a prima facie retaliation claim under Title VII, a plaintiff must allege (1) participation in a protected activity, (2) the defendant's knowledge of the protected activity, (3) an adverse employment action, and (4) a causal connection between the protected activity and the adverse employment action. *See Littlejohn*, 795 F.3d at 316. Plaintiff has alleged no facts connecting a protected activity to an adverse employment action. Moreover, Plaintiff has not shown that her communications with Human Resources or her unsuccessful attempts to meet with her supervisors were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hicks v. Baines*, 593 F.3d 159, 162 (2d Cir. 2010) (quotations and citation omitted). To the extent Plaintiff alleges that her complaints to Human Resources and Mr. Mulvihill prompted her termination, the Court finds that Plaintiff has failed to show any causal nexus linking the two events; rather, she makes a conclusory and vague assertion that Ms. McCowan sent "a list of issue[s] that never took place" to Mr. Mulvihill, because Plaintiff "ask[ed] for assistance in regards of Ms. McCowan". (Pl's. Mot. at ECF 2.)

In short, Plaintiff fails to raise any law or facts that the Court did not consider in reaching its initial decision. The Court already considered the same evidence that Plaintiff reiterates in her motion for reconsideration. *Analytical Surveys*, 684 F.3d at 52 (a motion for reconsideration is

at ECF 2.) Plaintiff claims that Defendant fired her for attempting to complain to Human Resources and her supervisors, Ms. McCowan and Vincent Mulvihill, about the harassment and discrimination she endured in the workplace. Plaintiff stated, "Due to my attempting to protect my position by asking for assistance in regards of Ms. McCowan, Ms. Mc Cowan then sent Mr. Vincent Muvihill a list of issue[s] that never took place on my behalf in May 2017 as per Human Rights documents I received from KCHC." (*Id.* at 3.)

Plaintiff has failed to meet the standard for retaliation under Title VII. To establish a prima facie retaliation claim under Title VII, a plaintiff must allege (1) participation in a protected activity, (2) the defendant's knowledge of the protected activity, (3) an adverse employment action, and (4) a causal connection between the protected activity and the adverse employment action. *See Littlejohn*, 795 F.3d at 316. Plaintiff has alleged no facts connecting a protected activity to an adverse employment action. Moreover, Plaintiff has not shown that her communications with Human Resources or her unsuccessful attempts to meet with her supervisors were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hicks v. Baines*, 593 F.3d 159, 162 (2d Cir. 2010) (quotations and citation omitted). To the extent Plaintiff alleges that her complaints to Human Resources and Mr. Mulvihill prompted her termination, the Court finds that Plaintiff has failed to show any causal nexus linking the two events; rather, she makes a conclusory and vague assertion that Ms. McCowan sent "a list of issue[s] that never took place" to Mr. Mulvihill, because Plaintiff "ask[ed] for assistance in regards of Ms. McCowan". (Pl's. Mot. at ECF 2.)

In short, Plaintiff fails to raise any law or facts that the Court did not consider in reaching its initial decision. The Court already considered the same evidence that Plaintiff reiterates in her motion for reconsideration. *Analytical Surveys*, 684 F.3d at 52 (a motion for reconsideration is

not a vehicle for "taking a 'second bite at the apple'"); *Image Processing Techs., LLC v. Canon Inc.*, 10-CV-3867 (SJF) (ETB), 2012 WL 253097, at *2 (E.D.N.Y. Jan. 26, 2012) (finding reconsideration unwarranted where motion "is nothing more than a rehash of the arguments previously raised."). Plaintiff has not offered any new evidence that Defendant retaliated against her for complaining about harassment or discrimination. Thus, Plaintiff has failed to identify any ground upon which the Court should reconsider its summary judgment decision.

## CONCLUSION

Because Plaintiff has not satisfied the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), her motion for reconsideration is denied.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
September 17, 2018